# **EXHIBIT B**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BAYOU STEEL BD HOLDINGS, L.L.C., *et al.*,[1] | Case No. 19-12153 (KBO) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket Nos. 12 & 50** |

## FINAL ORDER AUTHORIZING THE DEBTORS TO MAINTAIN AND ADMINISTER EXISTING CUSTOMER PROGRAMS AND HONOR CERTAIN PREPETITION OBLIGATIONS RELATED THERETO

Upon the motion (the "**Motion**")[2] of the Debtors for entry of a final order (this "**Final Order**"), pursuant to Bankruptcy Code sections 105(a), 363, 1107(a), and 1108, and Bankruptcy Rules 6003 and 6004, (i) authorizing, but not directing, the Debtors to continue to maintain and administer their Customer Programs in the ordinary course of business and honor certain prepetition Customer Obligations related thereto, and (ii) granting related relief; and the Court having reviewed the Motion, the First Day Declaration, and the Interim Order entered on October 3, 2019; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that the Debtors consent to entry of a final order under Article III of the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Bayou Steel BD Holdings, L.L.C., a Delaware limited liability company (1984), BD Bayou Steel Investment, LLC, a Delaware limited liability company (1222), and BD LaPlace, LLC, a Delaware limited liability company (5783). The location of the Debtors' mailing address is 138 Highway 3217, LaPlace, Louisiana 70068.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

71024735.2

2

United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED on a final basis, as set forth herein.

2. All objections to the entry of this Final Order, to the extent not withdrawn or settled, are overruled.

3. The Debtors are authorized to continue in their sole discretion to maintain and administer the Customer Programs described in the Motion in the ordinary course of business solely to permit customers who are entering into a new postpetition purchase from the Debtors to apply pre-Petition Date amounts owed to such customers under Customer Programs against pre-petition amounts owed by such customers to the Debtors; provided, however, that the Debtors shall not accrue any new obligations under the Customer Programs postpetition; provided further, however, that credits, setoffs and allowances on account of prepetition Customer Obligations shall not exceed $2,910,000 pursuant to this Final Order without further order of this Court.

4. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003.

5. Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Final Order shall be effective and enforceable immediately upon entry hereof.

6. The Debtors are hereby authorized to take such actions and to execute such documents as may be necessary to implement the relief granted by this Final Order.

2

71024735.2

7. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Final Order.

8. Nothing in the Motion or this Final Order, or the Debtors' reduction, deduction or rebate of any claims pursuant to this Final Order, shall be deemed or construed as: (i) an admission as to the validity of any obligation, claim or lien against the Debtors or their estates, (ii) a waiver of the Debtors' rights to dispute any obligation, claim or lien, (iii) an approval or assumption of any agreement, contract, or lease pursuant to Bankruptcy Code section 365, (iv) an admission of the priority status of any claim, whether under Bankruptcy Code section 503(b)(9) or otherwise, or (v) a modification of the Debtors' rights to seek relief under any section of the Bankruptcy Code on account of any amounts owed or paid to any third party.

Dated: November 4th, 2019
Wilmington, Delaware

KAREN B. OWENS
UNITED STATES BANKRUPTCY JUDGE

3

71024735.2