**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| BAYOU STEEL BD HOLDINGS, LLC, *et al.*,[1] | Case No. 19-12153 (KBO) |
| Debtors. | (Jointly Administered) |
| GEORGE L. MILLER, in his capacity as Chapter 7 Trustee of BAYOU STEEL BD HOLDINGS, L.L.C., *et al.*, | Adv. Proc. No. 21-50240 (KBO) |
| Plaintiff, | |
| vs. | |
| STEEL AND PIPE SUPPLY COMPANY, INC., | |
| Defendant. | |

**CHAPTER 7 TRUSTEE'S MOTION FOR LEAVE**
**TO FILE A SECOND AMENDED COMPLAINT**

George Miller, chapter 7 trustee (the "Trustee") to the estates of the above-captioned debtors (the "Debtors") hereby submits this motion (the "Motion for Leave") to file a Second Amended Complaint this matter (the "Second Amended Complaint").

1.  This Motion for Leave is filed concurrently with the Trustee's opposition to Defendant's second motion to dismiss in this matter (the "Second Motion"). On the initial motion, the Court dismissed the Trustee's fifth and sixth counts with leave to amend, but otherwise denied the motion. The Trustee filed a First Amended Complaint that revised counts one through four and added new counts five and six.

2.  After Defendant filed the Second Motion, the Trustee initiated several communications in order to resolve the Second Motion in order to avoid the delay and expense attendant to further motion practice and to proceed on the merits. The Trustee drafted a Second

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are Bayou Steel BD Holdings, L.L.C., a Delaware limited liability company (1984), BD Bayou Steel Investment, LLC, a Delaware limited liability company (1222), and BD LaPlace, LLC, a Delaware limited liability company (5783).

Amended Complaint to address the issues raised in the Second Motion, including the removal of counts five and six, as count four provides a vehicle for the Trustee to recover the same amounts. The Trustee sent the draft Second Amended Complaint to counsel, with a request that Defendant consent, under Federal Rule of Bankruptcy Procedure 7015 (incorporating Federal Rule of Civil Procedure 15), to its filing, which would moot further proceedings on the Second Motion.

3. Defendant refused to consent and clearly indicated its intention to file a third motion in response to the Second Amended Complaint, assuming that the Court grants leave to the Trustee to file. Defendant's response reveals that its intention is to drag out motion practice, delay discovery and attention to the merits, and to increase the Trustee's costs, without any apparent consideration for judicial resources.

4. By this Motion for Leave, the Trustee seeks leave to file the proposed Second Amended Complaint, which not only removes counts five and six, but makes material changes to counts one through four to address Defendant's motion for a more definite statement as to the "Contract." In sum, the amended counts state that there was no overall agreement between the parties, such that any contract must be pieced together from invoices and other documents exchanged between the parties. (Attached hereto as Exhibit A is the proposed Second Amended Complaint; Exhibit B is a redline comparison of the proposed complaint to the First Amended Complaint.) Based on the Second Amended Complaint, the Trustee will propound discovery as to pertinent documents and to explore relevant oral testimony.

5. Courts generally agree that leave to amend should be granted. *See also* Fed. R. Civ. P. 15(a) ("Leave [to amend] is to be freely given when justice so requires.") (applicable by Fed. R. Bankr. P. 7015). Denial of leave to amend is usually only justified by undue delay, bad faith, dilatory motive, prejudice, and futility. *See Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d

Cir. 1993). None of those grounds are present here.

6. First, leave to amend would not prejudice the Defendant. The case has not progressed beyond motion practice. No discovery has commenced and no scheduling or pretrial conference has been scheduled. The Defendant is also a sophisticated creditor and there is no risk that records will have been lost or destroyed. *In re TWA Inc. Post Confirmation Estate*, 305 B.R. 228, 233-34 (Bankr. D. Del. 2004) (finding no prejudice to defendants in granting leave to amend complaint even when preference complaints were filed on two-year statutory deadline because defendants were large creditors and were put on notice that the chapter 11 case was likely to result in liquidation and a large number of preference actions). In order to deny this motion on the basis of prejudice, Defendant must show that it "was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the … amendments been timely." *In re AE Liquidation, Inc.* 2012 Bankr. LEXIS 10, at *3 (Bankr. D. Del. 2012) (quoting *Dole v. Arco Chemical Co.*, 921 F.2d 484, 488 (3d Cir. 1990)). Clearly, no prejudice to Defendant would result from leave to file the proposed complaint.

7. Second, the Trustee is acting in good faith and without a dilatory motive. Indeed, this Motion for Leave reflects the Trustee's effort to move the case forward to discovery and trial. The Trustee seeks leave to amend after extensive attempts to informally resolve the matter with Defendant, which refused to consent to the filing of the amended complaint.

8. Finally, there is no question that the Trustee's allegations are sufficient to put Defendant on notice of the gravamen of the Trustee's claims. When a party other than the debtor files the avoidance action, the party "is entitled to some flexibility when filing a complaint based on information which may only be available through discovery." *The Antioch Co. Litigation Trust v. Morgan (In re The Antioch Company)*, 2011 WL 1670953, at *4 (Bankr. S.D. Ohio Apr.

28, 2011); *see also Air Cargo, Inc. Litig. Trust v. i2 Techs., Inc. (In re Air Cargo, Inc.),* 401 B.R. 178, 192, n. 7 (Bankr. D. Md. 2008) (noting that courts have consistently relaxed heightened pleading standards "in cases pursued by a trustee rather than the debtor").

9. Defendant's request for a more definite statement in the Second Motion is addressed by the proposed Second Amended Complaint. This Court has granted leave to amend complaints that contained far less information than the Complaint at issue here. *See, e.g.*, *In re Tweeter Opco,* 452 B.R. 150, 155 (Bankr. D. Del. 2011); *Gellert v. Lenick Co. (In re Crucible Materials Corp.),* 2011 Bankr. LEXIS 2513, at *14 (Bankr. D. Del. July 6, 2011) (granting leave to amend because "the Defendant presents no reason why leave to amend should not be granted"). Defendant is clearly already aware of the substance of the Trustee's allegations, based on the statements in its initial and second motions to dismiss.

10. The Trustee respectfully requests that the Court grant this Motion for Leave and issue an order permitting him to file the Second Amended Complaint. The Trustee will do so promptly.

| | |
|---|---|
| Dated: March 15, 2022 | PACHULSKI STANG ZIEHL & JONES LLP<br><br>*/s/ Peter J. Keane*<br>Bradford J. Sandler (Bar No. 4142)<br>Andrew W. Caine (CA Bar No. 110345)<br>Peter J. Keane (Bar No. 5503)<br>919 North Market Street, 17th Floor<br>Wilmington, Delaware 19801<br>Telephone: (302) 652-4100<br>Facsimile: (302) 652-4400<br>E-mail: bsandler@pszjlaw.com<br>   acaine@pszjlaw.com<br>   pkeane@pszjlaw.com<br><br>Counsel to the Plaintiff/Chapter 7 Trustee |