# **<u>EXHIBIT B</u>**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| BAYOU STEEL BD HOLDINGS, LLC, *et al.*,[1] | Case No. 19-12153 (KBO) |
| Debtors. | (Jointly Administered) |
| GEORGE L. MILLER, in his capacity as Chapter 7 Trustee of BAYOU STEEL BD HOLDINGS, L.L.C., *et al.*, | Adv. Proc. No. 21-50240 (KBO) |
| Plaintiff, vs. | |
| STEEL AND PIPE SUPPLY COMPANY, INC., | |
| Defendant. | |

~~FIRST~~SECOND **AMENDED COMPLAINT FOR BREACH OF CONTRACT, ACCOUNT STATED, GOODS SOLD AND DELIVERED, ~~IMPROPER SETOFF~~ AND ~~AVOIDANCE AND RECOVERY OF UNAUTHORIZED POST-PETITION TRANSFERS~~BREACH OF CONTRACT AND COMMON COUNTS- IMPROPER REBATE APPLICATION**

Plaintiff, George L. Miller in his capacity as chapter 7 trustee of Bayou Steel BD Holdings, L.L.C., *et al.*, (the "**Plaintiff**"), for the estates of the above-captioned debtors (the "**Debtors**") in the above-captioned cases pending under chapter 7 of title 11 of the United States Code (the "**Bankruptcy Code**"), by and through his undersigned counsel, as and for his ~~First~~Second Amended Complaint in this matter against the above-captioned defendant (the "**Defendant**"), alleges as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Bayou Steel BD Holdings, L.L.C., a Delaware limited liability company (1984), BD Bayou Steel Investment, LLC, a Delaware limited liability company (1222), and BD LaPlace, LLC, a Delaware limited liability company (5783).

## THE PARTIES

**1.**     On October 1, 2019, each of the Debtors filed a voluntary petition with this Court under chapter 11 of the Bankruptcy Code. The Debtors' cases are jointly administered for administrative purposes only.

**2.**     Each of the Debtors' cases was converted to chapter 7 on February 25, 2020 (the "**Conversion Date**"), and Plaintiff George L. Miller (the "**Trustee**") was appointed as trustee on the same date. The Bankruptcy Code authorizes the Trustee to pursue and prosecute avoidance actions on behalf of the Debtors' estates.

**3.**     Defendant Steel and Pipe Supply Company, Inc. is a corporation formed under the laws of the State of Kansas with its principal office address at 555 Poyntz Avenue, Ste. 122, Manhattan, Kansas.

## JURISDICTION AND VENUE

**4.**     The United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") has jurisdiction over this adversary proceeding under the Bankruptcy Code pursuant to 28 U.S.C. §§ 157(a) and 1334(a) and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.

**5.**     This proceeding is a core proceeding within the meaning of 28 U.S.C. § 157(b) and the Bankruptcy Court may enter final orders for the matters contained herein.

**6.**     Pursuant to Local Bankruptcy Rule 7008-1, the Plaintiff affirms his consent to the entry of final orders or judgments by the Bankruptcy Court if it is determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

7.    Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

**BASIS FOR RELIEF REQUESTED**

8.    This adversary proceeding is initiated pursuant to Rule 7001(1) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and various sections ~~544, 549, 550 and 553~~ of the Bankruptcy Code~~,~~ to recover monies owed by the Defendant to the Debtors.

**FACTS**

9.    Prior to the Petition Date, the parties began a ~~contractual~~ relationship in which Defendant agreed to purchase and the Debtors agreed to sell steel and related products supplies~~, pursuant to agreed terms and conditions (the "Contract"). The Debtors sold the products to Defendant pursuant to invoices or statements submitted by Debtors to Defendant.~~. There was no overarching written agreement governing the parties' relationship. The Debtors sold the products to Defendant pursuant to agreed terms and conditions set forth in various purchase orders, acknowledgments and invoices exchanged between the parties (the "**Contract**").[2]

10.    Throughout the parties' relationship, including after the Petition Date, the Debtors supplied goods to Defendant pursuant to the Contract, and Defendant paid the Debtors therefor, with the exception of certain goods and supplies. As of December 17, 2019, Defendant was indebted to the Debtors for goods sold and delivered pursuant to the Contract in the amount of $17,287.81, above and beyond the amounts discussed in paragraph 11 below.

---

[2] There is no statement in the parties' documents reflecting which state law governs the transactions. The Debtor was based in Louisiana and its invoices would appear to suggest that Louisiana law applies, without expressly so stating.

(Exhibit A hereto is a true and correct copy of the ~~most current~~ statement of the account between the parties.)

11.     In addition, after the Petition Date, but prior to the Conversion Date, the Debtors sold product to Defendant for which it permitted Defendant to apply offsets for pre-petition rebates.  After the Petition Date, Defendant purchased over $2,600,000 of product from the Debtors and applied in excess of $526,000 in rebates that arose prepetition, paying only the net amount, approximately $2,034,000, in cash to the Debtors for the product.

12.     The use of this prepetition rebate in lieu of payment for $526,000 of the post-petition purchased product was not authorized.  The Debtors moved the Court for authority to maintain prepetition existing customer programs and honor certain prepetition obligations [Docket Nos. 12 & 50].  The Court's November 4, 2019 *Final Order Authorizing The Debtors To Maintain And Administer Existing Customer Programs and Honor Certain Prepetition Obligations Related Thereto* [Docket No. 184] rejected the Debtor's request to continue issuing rebates or to apply prepetition rebates to new customer post-petition purchases (the "**Final Order**"). (Exhibit B hereto is a true and correct copy of the Final Order.)

13.     Plaintiff sent a demand letter to Defendant seeking to recover the above-referenced amounts and inviting an exchange of information regarding any potential defenses.  No agreement could be reached.

## FIRST CLAIM FOR RELIEF
### (BREACH OF CONTRACT- INVOICES NEVER PAID)

14.     The Plaintiff repeats and realleges each of the allegations set forth above as if fully set forth herein.

15.     As noted above, the Debtors and Defendant entered into the Contract, pursuant to which Debtors agreed to sell, and Defendant agreed to buy, certain steel or related products.

16.     The Contract is valid and an enforceable agreement against the Defendant.

17.     The Debtors performed their obligations under the Contract with respect to the goods sold to Defendant.

18.     The Defendant's failure to compensate the Debtors for these goods in an amount not less than $~~17,287~~17,287.81, constitutes a material breach of the Defendant's obligations under the Contract.

19.     As a direct and proximate result of the Defendant's breaches, the Debtors incurred damages in an amount not less than $~~17,287~~17,287.81.

20.     Accordingly, the Plaintiff is entitled to a judgment against the Defendant in an amount not less than $~~17,287~~17,287.81.

### SECOND CLAIM FOR RELIEF
**(ACCOUNT STATED)**

21.     Plaintiff repeats and realleges the allegations contained in each preceding paragraph of the Complaint as though set forth fully herein.

22.     Debtors sent invoices to Defendant that set forth the amounts due and owing for Defendant's purchase of goods from the Debtors. The Debtors' most recent statement of account is attached hereto as Exhibit A.

23.     Defendant has never objected to the invoices described in Exhibit A.

24.     The Plaintiff has demanded that Defendant pay for the goods that it purchased and received from the Debtors. Defendant has failed and refused to do so.

25.     There is an account stated, due and owing to Debtors in the amount of $17,287.81, and Plaintiff is entitled to a judgment therefor.

## THIRD CLAIM FOR RELIEF
### (GOODS SOLD AND DELIVERED)

26.    Plaintiff repeats and realleges the allegations contained in each preceding paragraph of the Complaint as though set forth fully herein.

27.    After the Petition Date, but prior to the Conversion Date, Defendant became indebted to Debtors for goods sold and delivered to Defendant and for which Defendant promised to pay $17,287.81.

28.    Defendant has failed to pay for the goods, despite the Plaintiff's demand therefor.  Plaintiff is therefore entitled to a judgment in the amount of $17,271.81.

## FOURTH CLAIM FOR RELIEF
### (BREACH OF CONTRACT AND COMMON COUNTS- IMPROPER REBATE APPLICATION)

29.    The Plaintiff repeats and realleges each of the allegations set forth above as if fully set forth herein.

30.    As noted above, after the Petition Date, but prior to the Conversion Date, the Debtors sold product to Defendant for which it permitted Defendant to apply pre-petition rebates.  Defendant purchased over $2,600,000 of product from the Debtors and purported to satisfy a portion of its indebtedness by applying in excess of $526,152 in rebates that arose prepetition, paying only the net amount, approximately $2,304,000 in cash to the Debtors for the product purchases.

31.    This application of the $526,152 prepetition rebate was not authorized by the Court, the Bankruptcy Code or otherwise.[23]   In fact, the Final Order expressly forbade such

---

[23] Setoff theory is also inapplicable because the debts between the parties were not mutual – the purchases were made post-petition, the rebates arose prepetition. The rebates were only available to Defendant to apply against any pre-petition obligations to the Debtors.

a transaction. Thus, Defendant remains responsible to pay this amount to the Plaintiff to satisfy Defendant's contractual obligations.

**32.** As a result, Defendant has breached its obligation to pay to pay the entire amount due and owing for its post-petition purchases, in a sum of at least $526,152, and thus, is responsible to pay this amount to Plaintiff under the legal theories of breach of contract, account stated and goods sold and delivered.

**33.** Plaintiff is therefore entitled to a judgment against Defendant in the additional amount of $526,152.

~~**FIFTH CLAIM FOR RELIEF**~~
~~**(TO AVOID AND RECOVER UNAUTHORIZED POST-PETITION TRANSFER – 11 U.S.C. §§ 544, 549)**~~

~~**34.** The Plaintiff repeats and realleges each of the allegations set forth above as if fully set forth herein.~~

~~**35.** As noted above, the Debtors sold over $2,600,000 in product to Defendant after the Petition Date, but prior to the Conversion Date, for which the Debtors purportedly agreed to allow Defendant to apply a prepetition credit from the Debtors to offset the new post-petition obligation from the Defendant to the Debtors. Without Court permission, the Debtors either forbore from collection or transferred to Defendant their right to insist on payment of the $526,152 rebate amount, to the detriment of creditors of the Debtors' bankruptcy estate.~~

~~**36.** This unauthorized transaction is avoidable pursuant to Bankruptcy Code sections 544 and 549 and recoverable for the benefit of the Debtors' estates under section 550. At the time of the transaction, not only did a hypothetical lien creditor exist that was harmed by the rebate application, but an actual lien creditor existed as well. Plaintiff is entitled to a~~

judgment avoiding and recovering the amount of the unauthorized rebate and requiring

Defendant to pay the value thereof, $526,152.


**SIXTH CLAIM FOR RELIEF**
**(Recovery of Property -- 11 U.S.C. § 550)**

**37.**    The Plaintiff repeats and realleges each of the allegations set forth above

as if fully set forth herein.

**38.**    As the Defendant is the initial, immediate, or mediate transferee of the

unauthorized post-petition transfer described in the Fifth Claim for Relief, the Plaintiff is

entitled to recover for the estate the proceeds or value of the transfer under section 550 of the

Bankruptcy Code.

**39.**    As alleged above, Plaintiff is entitled to avoid the unauthorized

postpetition transfer under 11 U.S.C. §§544 or 549.  As Defendant is the initial, immediate, or

mediate transferee of the transfer, Plaintiff is entitled to receive for the Estate the proceeds or

value of the transfer under 11 U.S.C. § 550.

**WHEREFORE**, Plaintiff prays for judgment as follows:

1.    For a determination and judgment on the first three claims for relief that

Plaintiff is entitled to recover from Defendant in the amount of $17,287 17,287.81;

2.    For a determination and judgment on the fourth, fifth and six claims claim

for relief that Plaintiff is entitled to recover from Defendant in the amount of $526,152;

3.    For prejudgment interest on all judgment amounts;

4.      For costs of suit incurred herein; and

5.      For such other and further relief as the Court may deem just and proper.

Dated: ~~January 19~~March __, 2022          PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Peter J. Keane*

Bradford J. Sandler (DE Bar No. 4142)
Andrew W. Caine (CA Bar No. 110345)
Peter J. Keane (DE Bar No. 5503)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile:  (302) 652-4400
Email:    bsandler@pszjlaw.com
          acaine@pszjlaw.com
          pkeane@pszjlaw.com

*Counsel to Plaintiff, George L. Miller, Chapter 7*
*Trustee for the Estates of Bayou Steel BD Holdings*
*L.L.C., et al.*

Document comparison by Workshare Compare on Tuesday, March 15, 2022 11:55:31 AM

| Input: | |
|---|---|
| Document 1 ID | PowerDocs://DOCS_LA/341658/1 |
| Description | DOCS_LA-#341658-v1-Bayou_-_SPS_lst_AC |
| Document 2 ID | PowerDocs://DOCS_LA/342713/1 |
| Description | DOCS_LA-#342713-v1-Bayou/SPS_2nd_amended_complaint |
| Rendering set | Standard |

| Legend: |
|---|
| Insertion |
| Deletion |
| Moved from |
| Moved to |
| Style change |
| Format change |
| Moved deletion |

| Inserted cell | |
|---|---|
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 20 |
| Deletions | 37 |
| Moved from | 2 |
| Moved to | 2 |
| Style changes | 0 |
| Format changes | 0 |
| Total changes | 61 |