# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| BAYOU STEEL BD HOLDINGS, LLC, *et al.*,[1] | Case No. 19-12153 (KBO) |
| Debtors. | (Jointly Administered) |
| GEORGE L. MILLER, in his capacity as Chapter 7 Trustee of BAYOU STEEL BD HOLDINGS, L.L.C., *et al.*, | Adv. Proc. No. 21-50240 (KBO) |
| Plaintiff, | |
| vs. | |
| STEEL AND PIPE SUPPLY COMPANY, INC., | |
| Defendant. | |

**DEFENDANT STEEL AND PIPE SUPPLY COMPANY, INC.'S
REPLY IN SUPPORT OF ITS MOTION (1) TO DISMISS COUNTS FIVE AND SIX
OF THE AMENDED COMPLAINT, AND (2) FOR MORE DEFINITE STATEMENT
<u>AS TO COUNTS ONE THROUGH FOUR OF THE AMENDED COMPLAINT</u>**

Eric J. Monzo (DE Bar No. 5214)
Douglas N. Candeub (DE Bar No. 4211)
**MORRIS JAMES LLP**
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Tel: (302) 888-5848
Fax: (302) 504-3953
Email: emonzo@morrisjames.com
         dcandeub@morrisjames.com

*Counsel for Defendant Steel and Pipe Supply Company, Inc.*

---

[1] The three Debtors in these cases are Bayou Steel BD Holdings, L.L.C., a Delaware limited liability company, BD Bayou Steel Investment, LLC, a Delaware limited liability company, and BD LaPlace, LLC, a Delaware limited liability company.

13525989/1

The Brief (Adv. D.I. 39) (the "Response") filed by Plaintiff[2] in opposition to SPS's *Motion to Dismiss Counts Five and Six and for a More Definite Statement as to Counts One Through Four of the Amended Complaint* (the "Motion to Dismiss and for More Definite Statement" or the "Motion"), is dismayingly reflective of the Plaintiff's approach to this action: aggressive but lacking in substance.  Rather than defend his filing of the First Amended Complaint, Plaintiff has opted to engage in misdirection, attacking SPS while seeking to avert attention from his own vexatious tactics.

At the conclusion of the hearing in this action on January 13, 2022, this Court partially granted SPS's motion to dismiss, dismissing Counts 5 and 6 of the Complaint – the claims asserted under Bankruptcy Code Sections 549 and 550 – while giving an opportunity to Plaintiff to amend. *See* Order (Adv. D.I. 28).  The Trustee did not move for reconsideration, either in the ensuing 14 days (the deadline under Fed. R. Bankr. P. 9023) or at all.

On January 19, 2022, Plaintiff filed his First Amended Complaint (D.I. 30).  It added references to the Debtors' Customer Programs Motion and the Court's Orders granting it, but otherwise pled no new fact allegations, while it reinstated, without substantive change, Plaintiff's Counts 5 and 6 from the original Complaint.  The only difference was that the Trustee tossed in a vague new allegation referencing Section 544 of the Bankruptcy Code, without any associated state law avoidance claim, and long well after the statute of limitations had passed.

The following week, SPS's counsel emailed Plaintiff's counsel, stating that the First Amended Complaint as filed would compel SPS to incur additional legal expense to prepare and submit another motion under Rule 12(b)(6), to once again seek removal of Counts 5 and 6; and

---

[2] Unless otherwise stated, capitalized terms herein have the same definitions as were ascribed to them in SPS's Opening Brief.

urging the Trustee to withdraw the First Amended Complaint and file a different version that would omit the re-pled Counts 5 and 6, before SPS was compelled to file a Rule 12(b)(6) motion.

SPS's counsel's email was met with complete silence. Evidently, the Trustee concluded that forcing SPS to incur the added legal expense could add pressure to SPS to meet his settlement demands. Consequently, SPS prepared its Motion to Dismiss and for More Definite Statement, filing it on February 9, 2022.

As the Response acknowledges, it was only "after" SPS filed its Motion that the Trustee communicated to SPS about resolving the issues with their First Amended Complaint. *See* Response, ¶ 2. On March 7, 2022,[3] the Trustee (through counsel) communicated to SPS that they intended to prepare and file a second amended complaint that would remove Counts 5 and 6 (without mention of the issues raised as to the Motion for More Definite Statement), and asked SPS to "stipulate" to this further amended pleading. In the ensuing emails, SPS asked, *inter alia,* if the Trustee would agree to the entry of an order granting SPS's pending Motion to Dismiss and for More Definite Statement. The Trustee declined.

On March 15, 2022, the Trustee filed his Response to SPS's Motion, along with a Motion for Leave to File Second Amended Complaint (the "Motion for Leave") (Adv. D.I. 38). For reasons that SPS will set forth in its Response to the Motion for Leave, SPS maintains that the proposed Second Amended Complaint remains legally inadequate and insufficient.

Regardless of the Motion for Leave, the First Amended Complaint is currently the operative complaint in the action, and it has not been withdrawn. Contrary to Plaintiff's wishful contention, the filing of the Motion for Leave does *not* render moot the pending Motion to Dismiss and for More Definite Statement, for several reasons.

---

[3] At the Trustee's request, SPS had agreed to extend their time to respond to the Motion.

To begin with, the Trustee's Response to the 'motion to dismiss" part of the Motion is clear evidence that inclusion of Counts 5 and 6 in the First Amended Complaint was indeed indefensible, and served no valid litigation purpose. The Response presents no defense whatsoever for the Counts 5 and 6 that Plaintiff included in the First Amended Complaint. It offers no justification for having reinstated the original Counts 5 and 6 without substantive change, in direct contravention of this Court's ruling, which is the unchallenged law of the case. It offers no justification for having added to those Counts a frivolous purported cause of action under Bankruptcy Code Section 544, outside the statute of limitations, that fails to state a claim.

Furthermore, the Response presents no defense as to why the Trustee's inclusion of Counts 5 and 6 should not be construed as an "an effort to increase the Defendant's litigation costs, without legitimate basis, in order to support unreasonable demands to settle," as SPS contended. *See* Motion, Part V.C.3. at 19. Under the circumstances, SPS's recovery of the attorney's fees it incurred in moving for dismissal of Counts 5 and 6 of the First Amended Complaint – which, as set forth in the Motion, this Court has authority to grant -- is amply warranted.[4]

Second, as to the "motion for more definite statement" part of the Motion, the Trustee's Response virtually concedes its validity. The Trustee does not directly dispute that a more definite statement is warranted as to the alleged "Contract" and the applicable state law. The Trustee says nothing at all about the need to identify the applicable state law under which the Trustee's alleged state law claims are asserted. As to the "Contract," the Trustee argues that the proposed Second Amended Complaint "makes material changes to counts one through four to address Defendant's motion for a more definite statement as to the 'Contract.'" Response, ¶ 4.

Nonetheless, the Trustee vaguely maintains that the allegations in the First Amended

---

[4] See also Fed. R. Civ. P. 11(c)(3) (Court may on its own initiative address violations of Rule 11(b)).

3

Complaint are "sufficient" in setting forth "the gravamen" of the claims. Response, ¶ 4. His sole argument for that position is essentially that trustees should be accorded the "flexibility" to file complaints that would be considered deficient if filed by others, and that the Trustee should be allowed to push SPS into post-pleading discovery to engage in a fishing expedition seeking support for his claims. *See* Response, ¶ 4, n.3.

That position is utterly unsupportable. Plaintiff misleadingly cites two cases outside of this District and the Third Circuit in purported support of his argument, although in fact they are wholly inapposite. The two cases cited are *In re Antioch Co.*, 451 B.R. 810, 815, 2011 WL 1670952 (Bankr. S.D. Ohio 2011) and *In re Air Cargo, Inc.*, 401 B.R. 178, 192, n. 8 (Bankr. D. Md. 2008).

In *Antioch Co.*, the court was dealing with the level of specificity required in complaints alleging preferential transfers under 11 U.S.C. § 547. There, the court ruled that the preference claims were insufficiently pled, and *granted* the Preference Defendants' motion to dismiss, with leave to amend, concluding that:

> [T]he complaint should include the date, the amount and the nature of each transfer alleged to have been preferential and for which judgment is sought for each of the Preference Defendants. The recitation of the elements with a total preference prayer amount for each Preference Defendant is inadequate under FRCP 8, made applicable to this proceeding by BR 7008, because the Preference Defendants cannot provide a complete response ….

*In re Antioch Co.*, 451 B.R. at 815. The reference to "flexibility" was merely with respect to one aspect of the Preference Defendants' objection that the complaint. *Id*. at 814, 815. As there is *no* claim to avoid alleged preferences in the First Amended Complaint, the case is inapposite.[5]

In *Air Cargo*, the passage that Plaintiff cites dealt specifically with the "heightened

---

[5] *Antioch* is analogous to the case of *In re Valley Media, Inc*., 288 B.R. 189 (Bankr. D. Del. 2003) in this Court, and cases that followed it, providing guidance on the level of detail needed in preference complaints.

4

pleading standard" under Federal Rule 9(b) for claims alleging *fraud*, and it included the observation, in dicta, that courts have often relaxed *that* standard in actions brought by a bankruptcy trustee. *In re Air Cargo, Inc.*, 401 B.R. at 192, n.8.[6]  Needless to say, there is no claim of fraud in the First Amended Complaint, to which this principle would apply.  Furthermore, any relaxing of the Rule 9(b) standard does not extend to the requirements under Rules 8 and 12(b)(6). *See In re Charys Holding Co., Inc.*, 2010 WL 2774852, at *3 (Bankr. D. Del. July 14, 2010) (Shannon, B.J.).

Plaintiff cites no case law privileging trustees to file insufficient complaints alleging breach of contract or other similar state law causes of action, so that they can conduct "fishing expedition" discovery thereafter to support their claims.  Indeed, the Supreme Court's construction of Fed. R. Civ. P. 8 under *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) is intended as a policy matter to weed out meritless cases *prior* to the commencement of discovery. *See* Twombly, 550 U.S. at 559–60.

In short, the Trustee presents no valid argument for why the First Amended Complaint is itself sufficient.  It is not for the Court to fashion arguments on the Trustee's behalf where the Trustee has offered none.  Before jumping ahead to the Trustee's Motion for Leave, this Court should address the extant First Amended Complaint, and grant this Motion.

Accordingly, for the foregoing reasons and those set forth in its Opening Brief in support

---

[6] That principle, in connection with trustee claims alleging fraud, has been applied in this District as well.  *See, e.g., In re Nortel Networks, Inc.*, 469 B.R. 478, 498 (Bankr. D. Del. 2012).

Even as to claims of fraud, that principle's application is limited.  In a case in this District in which the trustee was pursuing claims of fraud, the Court ruled that the Trustee was "not entitled to a lax pleading standard. While the Court recognizes there are certain cases where a trustee is at a disadvantage with respect to pleading allegations with the particularity required by Rule 9, due to lack of access to information, this is not one of those situations." *Zazzali v. Hirschler Fleischer, P.C.*, 482 B.R. 495, 511–12 (D. Del. 2012). *See also In re Palm Beach Fin. Partners, L.P.*, 488 B.R. 758, 767 (Bankr. S.D. Fla. 2013); *In re Moll Grp., LLC*, 2005 WL 6506459, at *9 (Bankr. E.D. Pa. June 15, 2005).

of the Motion, SPS respectfully urges the Court:

1. To dismiss Counts Five and Six of the First Amended Complaint,

2. To order a more definite statement of the claims in Counts One through Four, to identify the alleged "Contract" and to allege which State's laws the Plaintiff contends apply to them; and

3. To grant SPS its attorney's fees incurred in moving for dismissal of the renewed but meritless Counts Five and Six in the First Amended Complaint, and such other relief as the Court deems just and proper.

                      Respectfully submitted,

Dated: April 1, 2022         /s/ Douglas N. Candeub
                                  Eric J. Monzo (DE Bar No. 5214)
                                  Douglas N. Candeub (DE Bar No. 4211)
                                  **MORRIS JAMES LLP**
                                  500 Delaware Avenue, Suite 1500
                                  Wilmington, DE 19801
                                  Tel: (302) 888-5848
                                  Fax: (302) 504-3953
                                  Email: emonzo@morrisjames.com
                                            dcandeub@morrisjames.com

                                  *Counsel for Defendant Steel and Pipe Supply Company, Inc.*

13525989/1